# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS J. SAVOCA, | ) | CASE NO. 1:19-cv-1545 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| UNITED STATES DEPARTMENT OF JUSTICE, et al., | ) ) | |
| | ) | |
| DEFENDANTS. | ) | |

On July 8, 2019, *pro se* plaintiff Thomas J. Savoca ("Savoca"), a federal prisoner incarcerated at USP Hazelton in West Virginia, filed a complaint against the United States Department of Justice, Executive Office of the United States Attorney, and the Federal Bureau of Investigation pursuant to 42 U.S.C. § 1983. The allegations in the complaint concern evidence which Savoca claims was withheld by the U.S. Attorney's office in a criminal proceeding brought against him.[1] (Doc. 1 ("Compl.").)

For the reasons that follow, this action is dismissed.

**A. Background**

When Savoca filed this action, he neither paid the filing fee nor filed an application to proceed *in forma pauperis*. Magistrate Judge George Limbert ordered Savoca to either pay the filing fee or complete and file the financial application attached thereto. (Doc. No. 3

---

[1] When he filed this action, Savoca identified a related case in the Northern District of Ohio also regarding evidentiary issues in a criminal proceeding, NDOH Case No. 1:19-cv-14 ("Related Case"). (Doc. 1-1 at 10 (Page number references are to the page identification number generated by the Court's electronic docketing system).) The Related Case was dismissed for failure to state a plausible claim. (Related Case Doc. No. 14.)

("Deficiency Order").) The Deficiency Order provided Savoca with 30 days to comply, and expressly warned that "[f]ailure to comply with this Order may result in dismissal of this action without further notice." (*Id*. at 50.)

On July 18, 2019, a copy of the Deficiency Order was mailed to Savoca at his address of record. Savoca responded to the Deficiency Order but did not fully comply. (Doc. No. 5.) The Deficiency Order instructed Savoca to complete and file the entire application attached to the order, "including a certified prisoner account statement." (Deficiency Order at 50.) The application filed by Savoca included a prisoner affidavit but did not include a prisoner account statement. (*See* Doc. No. 5.)

**B. Law and Analysis**

This case is subject to the provisions of 28 U.S.C. § 1915 regarding prisoner *in forma pauperis* civil actions. *See Jackson v. Mich. Parole Bd.,* No. 06-CV-11666, 2006 WL 1452112, at *1 (E.D. Mich. May 24, 2006) (Congress primarily targeted prisoner civil rights cases when it enacted the filing fee provision of the Prisoner Litigation Reform Act.). When a prisoner files a civil rights action, he must pay the filing fee. "'[T]he only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs.'" *Jones v. White*, No. 10-15156, 2014 WL 238169, at *2 (E.D. Mich. Jan. 22, 2014) (quoting *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1131 (6th Cir. 1997)).

The Deficiency Order required Savoca to comply with the statute's requirements in order to proceed with this action without the full prepayment of fees. *See McCullough v. Fed. Bureau of Prisons*, No. 13-10282, 2013 WL 2147001, at *1 (E.D. Mich. May 16, 2013) ("Submission of

[a] sufficient affidavit and a certified trust fund account in accordance with the statute are statutory requirements for proceeding *in forma pauperis*.") (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997) (overruled on other grounds)). If a prisoner fails to comply with a court's deficiency order, his case is subject to dismissal. *See In re Prison Litigation Reform Act*, 105 F.3d at 1132 (If a prisoner does not comply with the court's instructions regarding payment of fees or filing for pauper status, the court shall presume the prisoner is not a pauper, assess the fee, and dismiss the case for want of prosecution.); *Hill v. Lucas Cty. Common Pleas Court*, 190 F. Supp. 3d 732, 732 (N.D. Ohio 2016) (dismissing case without prejudice where plaintiff failed to comply with a deficiency order).

When this case was filed, Savoca did not pay the filing fee or submit the required statutory documentation to proceed *in forma pauperis*. Magistrate Judge Limbert notified Savoca of the deficiency, provided specific instructions to cure the deficiency, granted him 30 days to pay the filing fee or correct the deficiency, and warned that failure to comply may result in dismissal of this action without further notice. Savoca did not comply with the Deficiency Order (he failed to submit a certified prisoner account statement), seek an extension of time to do so, or provide the Court with any explanation as to why he could not comply. The generous latitude afforded by the Court to pleadings by *pro se* litigants does not extend to readily understood orders and deadlines. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (Rule 41(b) dismissal is appropriate when a pro se plaintiff fails to comply with readily comprehended court deadlines.).

Accordingly, this case is dismissed without prejudice for want of prosecution for failing to comply with the Deficiency Order. *Erby v. Kula*, 113 F. App'x 74, 76 (6th Cir. 2004) (dismissal of § 1983 action for failure to comply with the court's deficiency order was not an abuse of discretion where the order identified the required documentation to proceed *in forma pauperis* and warned that failure to comply with the order may result in dismissal); *Davis v. United States*, 73 F. App'x 804, 805 (6th Cir. 2003) (affirming dismissal of prisoner civil action for want of prosecution for failure to comply with deficiency order notifying plaintiff of the required documents and granting him 30 days to comply).

### C. Conclusion

For all the foregoing reasons, this action is dismissed without prejudice. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: September 12, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**